**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| SPUS8 Dakota LP, et al., | No. CV-19-05477-PHX-MTL |
| Plaintiffs, | **ORDER** |
| v. | |
| KNR Contractors LLC, et al., | |
| Defendants. | |

On November 15, 2019, the Court issued the following Order:

> "Inquiring whether the court has jurisdiction is a federal judge's first duty in every case." *Belleville Catering Co. v. Champaign Market Place, L.L.C.*, 350 F.3d 691, 693 (7th Cir. 2003). In this case, the complaint fails to sufficiently plead jurisdiction.
> First, the civil cover sheet, which was signed by an attorney whose signature is not legible, claims the basis of jurisdiction is that the "U.S. Government" is the Plaintiff. (Doc. 1-1 at 1). The Court sees no evidence that this representation is true.
> Second, the complaint itself states that the basis for jurisdiction is diversity. (Doc. 1 at 2 (citing 28 U.S.C. § 1332)). However, the complaint fails to allege sufficient facts to establish diversity jurisdiction. For example, the complaint notes that both Plaintiffs are limited partnerships. However, the complaint fails to allege the citizenship of every general and every limited partner. *See Carden v. Arkoma Associates*, 494 U.S. 185, 195-96 (1990) (a limited partnership takes on the citizenship of all general and all limited partners). Instead, the complaint alleges, for example, that the general partner of SPUS8 Dakota LP is a limited liability company; but the complaint fails to allege the citizenship of all members of the limited liability company. *See Johnson v. Columbia Properties Anchorage, L.P.*, 437 F.3d 894, 899 (9th Cir. 2006) (a limited liability company takes on the citizenship of each of its members); *see also Celestial Cmty. Dev. Corp. v. City of Philadelphia*, 901 F. Supp. 2d 566, 581 (E.D. Pa. 2012) ("To establish the citizenship of a limited liability company (LLC), a party must plead the citizenship of each partner or member of the LLC. *See Zambelli Fireworks Manufacturing Co., Inc. v. Wood*, 592 F.3d 412, 419–420 (3d Cir. 2010). This must be 'traced through however many layers of partners or members there may be' to

> determine the citizenship of the LLC. *Id.* (internal quotation omitted)"). Accordingly, the complaint fails to allege the citizenship of the general partner.
> Next, the complaint alleges that SPUS8 Dakota LP's limited partner [footnote omitted] is a limited partnership; but the complaint fails to allege the citizenship of the general partner or the limited partner(s) of this limited partnership. *See Carden*, 494 U.S. at 195-96. Accordingly, the complaint fails to allege the citizenship of the limited partner.
> These same pleading deficiencies exist for Plaintiff SPUS8 Pinnacle LLC and Defendant KNR Contractors LLC. This deficiency may also exist as to Defendant Oddonetto Granite & Marble LLC because the complaint pleads the "residen[cy] and domicile" of a member of the LLC but does not specify whether that is the only member of the LLC. *See Kanter v. Warner-Lambert*, 265 F.3d 853, 857-858 (9th Cir. 2001) (noting that being a resident of a state does not establish citizenship).
> Thus, based on the foregoing, Plaintiffs have not pleaded sufficient information for this Court to independently examine and determine whether it has subject matter jurisdiction. Therefore,
> **IT IS ORDERED** that by November 29, 2019, Plaintiffs shall file a supplement to the complaint adequately alleging the citizenship of all parties to this case or this case will be dismissed, without prejudice, for lack of federal subject matter jurisdiction. Plaintiffs must also, by this deadline, amend the civil cover sheet if it is inaccurate.

(Doc. 14).

On November 27, 2019, Plaintiffs filed an amended complaint.[1] In the amended complaint, Plaintiffs made sufficient jurisdictional allegations as to all Defendants. However, with respect to Plaintiffs, the sole addition to the jurisdictional allegation is as follows:

> 3. Through multiple levels of ownership entities, the ultimate parent of each relevant Plaintiff entity is CBRE Group, Inc., which is a publicly traded corporation. CBRE Group, Inc. is a citizen of Delaware, with its principal place of business in California. CBRE Group, Inc. is not a citizen of Texas or Arizona.

(Doc. 15 at 2).

This additional paragraph is inadequate to permit the Court to independently verify its jurisdiction. As indicated in the November 15, 2019 Order, the party asserting jurisdiction must identify every member or partner (and their citizenship) for every entity that is not a corporation traced through even multiple layers of entities. Because Plaintiffs did not provide the Court will this information, Plaintiffs will be given one last opportunity to supplement the amended complaint and fully allege federal subject matter jurisdiction.

---

[1] As far as the Court can tell, Plaintiffs took no action with respect to the civil cover sheet.

If Plaintiffs fail to allege all elements of the citizenship of every entity, this case will be dismissed, without prejudice, for lack of federal subject matter jurisdiction. Therefore,

**IT IS ORDERED** that by December 12, 2019, Plaintiffs shall file a supplement to the amended complaint, fully alleging federal subject matter jurisdiction, or this case will be dismissed, without prejudice.

Dated this 5th day of December, 2019.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge